IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MINERVA VALENTÍN-NEGRÓN,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 11-1860 (MEL)

**OPINION AND ORDER**

On October 14, 2010, plaintiff Minerva Valentín-Negrón ("plaintiff") filed a complaint against defendant Commissioner of Social Security ("defendant" or "Commissioner"), alleging that the final decision of the Commissioner was not based on substantial evidence. D.E. 1. Defendant filed a motion to remand, which this court granted on May 31, 2012. D.E. 17; 18. Pending before the court is plaintiff's motion requesting attorney's fees (D.E. 20), filed on June 29, 2012, pursuant to Section 204(a) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant has submitted a memorandum in partial opposition to this motion (D.E. 21), to which plaintiff has responded (D.E. 22). For the reasons stated herein, plaintiff's motion requesting attorney's fees is granted in part and denied in part.

The EAJA provides that the fees awarded to a prevailing party against the United States must be reasonable. 28 U.S.C. § 2412(d)(2)(A). Once fees are deemed appropriate, the court shall "determine the number of hours actually spent, and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." Rodríguez v. Puerto Rico, 764 F. Supp. 2d 338, 343 (D.P.R. 2011) (citing Grendel's Den, Inc. v. Larkin, 749

F.2d 945, 950 (1st Cir. 1984)). Defendant does not object to plaintiff's right to recover the fees, but argues that the requested amount, $3,058.09, should be reduced by $931.97, because of unnecessary, duplicative, or non-compensable expenditures of time. Docket No. 21, at 1.

Defendant first objects to plaintiff's time spent discussing and explaining the case to the client on September 15, 2011, for 1.2 hours, and on June 12, 2012, for 40 minutes. He argues that this is excessive as it should not take that long and should be reduced to 0.2 hour total. Plaintiff argues that the mental limitations of their disabled client required more time than such an interview would normally require. The time stated is under two hours and is a reasonable time to explain the case and the district court opinion to a client with limitations. Request is granted. See, e.g., Kefley Ruiz-Feliciano v. Comm'r of Social Security, Civ. No. 10-1996 (BJM), D.E. 25 (D.P.R. June 21, 2012) (same attorneys present almost the exact same arguments).

Defendant also objects to the 1.1 hours spent reviewing the ALJ's decision on September 7, 2011, to determine which areas needed clarification from former counsel. Defendant maintains that it should be eliminated entirely because plaintiff previously spent 35 minutes on August 18, 2011, reviewing the single decision, and because no clarification should have been necessary as all the relevant documents are contained in the record. Plaintiff's counsel argues that this is his normal practice and necessary at the initial stage to understand all the details of the prior proceeding because he does not have the entire record at that point. This second review of the ALJ's decision was for the particular purpose of preparing for plaintiff's counsel's consultation with the client's prior counsel. Spending under two hours reviewing the primary decision over the course of three weeks under these circumstances is not unreasonable. Request is granted.

Defendant next objects to the 25 minutes spent with prior counsel by plaintiff on September 13, 2011, arguing that it should be eliminated as it is unnecessary and that plaintiff has failed to indicate which "areas" needed clarification.  Docket No. 21, at 4.  However, it is reasonable for plaintiff's counsel to discuss the case with his predecessor for 25 minutes, as the latter would be familiar with the case and may clarify issues or point out potential obstacles.  Request is granted.

Defendant raises issue with plaintiff's billing 20 minutes for requesting medical evidence, arguing that any medical records obtained would be irrelevant and even if it had been appropriate it is merely an administrative task.  Plaintiff argues that the request for medical evidence was appropriate, because any evidence recovered may support a remand if it pertains to a date before plaintiff was last insured.  However, plaintiff concedes that it could have been done by an assistant or paralegal.  Docket No. 22, at 3 n.6.  Generally, "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them."  Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992).  Rather, "[t]he hours … should be compensated at a less extravagant rate."  Id.  Therefore, the fees for this entry will be prorated by one-half ($26.68 rather than $53.35).  See, e.g., Rodríguez-Garcia v. Municipality of Caguas, 787 F. Supp. 2d 135, 144-45 (D.P.R. 2011); Guillemard-Ginorio v. Contreras, 603 F. Supp. 2d 301, 322 (D.P.R. 2009).

Finally, defendant contends that the 0.9 hour billed for travel time on April 24, 2012, to meet with a medical advisor, as well as the 1.3 hours for conference with him should be eliminated entirely.  Defendant argues that it was actually the medical advisor that traveled, and that the travel time and the conference were both unnecessary in this case.  Furthermore, defendant argues that the court's review of the ALJ's decision is limited to the record that was before the ALJ.  Plaintiff argues that the expense for medical expert is plainly recoverable under

28 U.S.C. § 2412(d)(2)(A), because it was needed to prepare the case considering a lay person is not qualified to interpret raw medical data.  The proper standard for review of the final decision of the Commissioner is whether it was based on substantial evidence, in light of the record available to the ALJ.  To determine whether substantial evidence existed, one must understand and interpret the claimant's medical record.  Defendant argues that "the administrative record speaks for itself."  Docket No. 21, at 6.  In a Social Security case, however, the administrative record may consist of complex medical terminology, medical reports, progress notes, diagnoses, and psychiatric evaluations.  A consultative session with a medical advisor might certainly aid an attorney in mounting an informed and effective case.  The EAJA broadly allows for "reasonable expenses" which are "necessary for the preparation of the party's case."  28 U.S.C. § 2412(d)(2)(A); see also Ramos-Sánchez v. Comm'r of Social Security, Civ. No. 03-1454 (DRD/ADC), D.E. 21, at 4-5 (D.P.R. Aug. 23, 2004) (holding 1.25 hours of consultation with a medical expert to be "plainly recoverable").  Furthermore, 1.3 hours is a reasonable length for such a consultation with a medical advisor.  See id.  Request is granted.

     Reasonable travel time is also covered by EAJA.  "[T]he EAJA provides for … all expenses which are routinely billed to a client—such as telephone, reasonable travel, postage, and computerized research expenses—as long as they are incurred in connection with the case before the Court."  United States v. Cacho-Bonilla, 206 F. Supp. 2d 204, 210 (D.P.R. 2002); see also United States v. One Rural Lot, 770 F. Supp. 66, 71 (D.P.R. 1991); Ramos-Sánchez, Civ. No. 03-1454 (DRD/ADC), D.E. 21, at 4; Dubois v. U.S. Dept. of Agric., CIV.A. 95-50-B, 1998 WL 34007445 (D.N.H. July 17, 1998) (holding travel expenses to be covered by EAJA, unless they "are more akin to items included in firm [overhead]").  "The limitation on the amount and nature of such expenses is that they must be 'necessary to the preparation of the [prevailing]

party's case.'" Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). In the case at bar, however, it was the medical advisor, not the attorney, who traveled for the consultation. Although an expert witness's "reasonable expenses" are expressly covered by EAJA, 28 U.S.C. § 2412(d)(2)(A), a medical advisor is not technically the same as an expert witness, despite some overlap in their roles. Request for $144.19 in travel expenses is denied.

Plaintiff requests an additional hour for the time spent responding to the opposition. Docket No. 22, at 6-7. Courts routinely award attorney's fees to prevailing parties for continuing fees and costs in obtaining attorney's fees. Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990) (citing cases); Prandini v. Nat'l Tea Co., 585 F. 2d 47, 54 (3d Cir. 1974) (citing cases); Rodríguez v. Puerto Rico, 764 F. Supp. 2d at 347-48 (citing cases). "To hold otherwise would permit a deep pocket losing party to dissipate the incentive provided by an award through recalcitrance and automatic appeals." Souza v. Southworth, 564 F.2d 609, 614 (1st Cir. 1977). One hour of work in drafting a reply to defendant's opposition is reasonable. Request is granted.

For the foregoing reasons, plaintiff's motion requesting attorney's fees (D.E. 20) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's proposed attorney's fees and costs are awarded to plaintiff in addition to $160.22 for time spent further litigating the motion, with a reduction of $170.86, for a total of $3,047.45.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of November, 2012.

                                                            s/Marcos E. López
                                                            U.S. Magistrate Judge